# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA A. LONGERBEAM,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09cv0864 DMS (PCL)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 11, 15] |

　　　Plaintiff Carla A. Longerbeam ("Plaintiff") moves for reversal or remand. Defendant Michael J. Astrue, in his capacity as Commissioner of the Social Security Administration, opposes Plaintiff's motion and cross-moves for summary judgment. Plaintiff did not file an opposition to Defendant's motion or a reply to Defendant's opposition. In her motion, Plaintiff argues the Administrative Law Judge ("ALJ") erred in his treatment of the testimony of one of Plaintiff's treating physicians and the medical expert that testified at Plaintiff's first hearing. For the reasons discussed below, the Court denies Plaintiff's motion for summary judgment, and grants Defendant's cross-motion for summary judgment.

/ / /

/ / /

/ / /

# I.

# BACKGROUND

Plaintiff is a 47-year old female with one year of college education. (Administrative Record ("AR") at 15.) On March 2, 2004, Plaintiff filed an application for disability insurance benefits, (*id.* at 44), alleging a disability onset date of February 7, 2003. (*Id.* at 60.) Plaintiff alleged she was disabled due to plantar fasciitis, chronic pain and back problems. (*Id.* at 80.) Plaintiff's claim was denied initially, (*id.* at 25-29), and again upon reconsideration. (*Id.* at 31-35.)

Plaintiff thereafter filed a request for hearing by an Administrative Law Judge ("ALJ"). (*Id.* at 36.) ALJ Eve Godfrey held a hearing on June 8, 2005. (*Id.* at 270). Attorney Matty Sandoval represented Plaintiff at the hearing. ALJ Godfrey also called a vocational expert, Bonnie Sinclair, and a medical expert, Victor Schorn. (*Id.*) Dr. Schorn testified that he believed Plaintiff had diabetes. (*Id.* at 292.) He also opined that the diabetes may have been causing neuropathy in Plaintiff's feet, but he could not say "with absolute certainty this is what she has." (*Id.* at 293.) ALJ Godfrey held the record open to allow Plaintiff to submit additional medical records, which she did on June 28, 2005. (*Id.* at 208.) Those records included information from Plaintiff's primary care physician, John B. Bronson. Dr. Bronson's notes confirmed Dr. Schorn's suspicion that Plaintiff had peripheral neuropathy secondary to diabetes. (*Id.* at 220.)

On September 3, 2005, ALJ Godfrey issued a written decision finding Plaintiff not disabled. (*Id.* at 14-20.) Plaintiff filed a request for review of that decision, (*id.* at 8), which the Appeals Council denied on February 16, 2006. (*Id.* at 4-6.)

On April 12, 2006, Plaintiff filed a Complaint for review of that decision in this Court. (*See Longerbeam v. Barnhart*, Case No. 06cv0678 W (JMA).) On July 13, 2007, Magistrate Judge Jan M. Adler issued a Report and Recommendation urging the Court to grant Plaintiff's motion for reversal and/or remand, and remand Plaintiff's case to the Social Security Administration ("SSA") for further proceedings. Judge Adler found ALJ Godfrey "did not properly discuss and evaluate the medical evidence before she concluded that Plaintiff was not under a disability[,]" and found more specifically that ALJ Godfrey had failed to adequately discuss the opinions of Dr. Schorn and Dr. Bronson. On

///

1  August 15, 2007, Judge Whelan adopted Judge Adler's recommendation, reversed ALJ Godfrey's
2  decision, and remanded Plaintiff's case to the SSA for further review.
3        Upon receipt of Plaintiff's case from the Court, the Appeals Council remanded Plaintiff's case
4  to an ALJ in Seattle, Washington, M.J. Adams.[1] (AR at 354-80.) ALJ Adams scheduled Plaintiff's
5  case for hearing on February 26, 2008. (*Id.* at 376.) Plaintiff appeared at the hearing, still represented
6  by Mr. Sandoval, who appeared at the hearing by telephone. ALJ Adams also called a vocational
7  expert, Leta Berkshire.
8        On July 29, 2008, ALJ Adams issued a written decision finding Plaintiff not disabled. (*Id.* at
9  313-19.) Plaintiff filed a request for review of that decision, which the Appeals Council denied on
10  February 19, 2009. (*Id.* at 300-02.) The present case was filed on April 24, 2009.

11  **II.**
12  **DISCUSSION**

13        Plaintiff argues ALJ Adams erred in failing to fully discuss the opinions of Drs. Bronson and
14  Schorn. Defendant disputes this argument.

15  **A.  Legal Standard**
16        Under the Social Security Act, "disability" is defined as the:

17  inability to engage in any substantial gainful activity by reason of any medically
    determinable physical or mental impairment which can be expected to result in
18  death or which has lasted or can be expected to last for a continuous period of
    not less than twelve months.
19

20  42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that the claimant "is not only unable to
21  do his previous work but cannot . . . engage in any other kind of substantial gainful work." 42 U.S.C.
22  § 423(d)(2)(A). In addition, the impairment must result "from anatomical, physiological, or
23  psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
24  techniques." 42 U.S.C. § 423(d)(3).

25        A court cannot set aside a denial of benefits unless the Commissioner's findings are based
26  upon legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. §
27  405(g); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771,
28

---

[1] Plaintiff moved to Washington State while her case was pending.

772 (9th Cir. 1986); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). It is more than a scintilla but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

To determine whether substantial evidence exists to support the ALJ's decision, a court reviews the record as a whole, not just the evidence supporting the decision of the ALJ. *Walker v. Matthews*, 546 F.2d 814, 818 (9th Cir. 1976).  A court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  In short, a court must weigh the evidence that supports the Commissioner's conclusions and that which does not. *Martinez*, 807 F.2d at 772.

If there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is evidence on the other side, *Hall v. Secretary*, 602 F.2d 1372, 1374 (9th Cir. 1979), and even when the evidence is susceptible to more than one rational interpretation. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).  If supported by substantial evidence, the findings of the Commissioner as to any fact will be conclusive.  42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981).

**B.     Treating Physician Opinion**

Here, Plaintiff argues the ALJ erred in failing to adequately discuss the opinions of one of her treating physicians, Dr. Bronson.  Plaintiff does not assert the ALJ failed to discuss Dr. Bronson's opinion entirely, but rather she argues he failed to discuss them adequately.  Notably, Plaintiff fails to cite any case law setting out the standards of adequate discussion of a treating physician's opinion, and the Court has found none.  Suffice it to say, the ALJ did discuss Dr. Bronson's opinions, and it appears the ALJ accepted, or at least credited, Dr. Bronson's opinion that Plaintiff was capable of light work.  (AR at 317.)  Accordingly, this argument does not warrant reversal or remand of the ALJ's decision.

**C.     Medical Expert Opinion**

Plaintiff's only remaining argument is that the ALJ erred in failing to give specific and legitimate reasons for discounting the opinion of the medical expert, Dr. Schorn. Plaintiff appears to assert the ALJ rejected Dr. Schorn's diagnosis of diabetic neuropathy without providing specific and legitimate reasons for doing so. (Mem. in Supp. of Mot. at 9.) However, the ALJ did not do so. Indeed, the ALJ specifically found, consistent with Dr. Schorn's diagnosis, that Plaintiff had "diabetes mellitus with a peripheral neuropathy." (AR at 315.) Accordingly, this argument does not warrant reversal or remand.

## III.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **DENIED**. Defendant's cross-motion for summary judgment is **GRANTED**, and the decision of the ALJ is **AFFIRMED**. The Clerk shall enter judgment accordingly, and terminate this case.

**IT IS SO ORDERED.**

DATED: June 4, 2010

_____
HON. DANA M. SABRAW
United States District Judge